UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY WADDLE,<br>No. 157508, | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 3:15-cv-01309<br>Chief Judge Sharp |
| v. | )<br>) | |
| COMMISSIONOR[1] TENN. DEPARTMENT<br>OF CORRECTIONS, *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Plaintiff Bobby Waddle, an inmate of the Turney Center Industrial Complex in Clifton, Tennessee, filed this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against the Commissioner of the Tennessee Department of Corrections, the Warden of the West Tennessee State Prison, Jane Does 1 and 2, John Does 1-8, the unidentified outside clinic where the plaintiff was treated on November 6, 2015, and Captain f/n/u Mumford. (Docket No. 1). The plaintiff sues all defendants in their individual and official capacities. (*Id.* at p. 5). The plaintiff previously was an inmate of the West Tennessee State Prison and the alleged events described in the complaint occurred at the West Tennessee State Prison.

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint

---

[1]The plaintiff likely intends to name the Commissioner of the Tennessee Department of Corrections.

1

filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)

(citation omitted).

## II. Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, on November 6, 2015, while the plaintiff was incarcerated at the West Tennessee State Prison in Unit 10B, the plaintiff was attacked in his cell by three gang-affiliated inmates from Unit 10A. According to the complaint, two unit officers (one officer working Unit 10B and the other officer working Unit 10A) conspired with the three inmates, allowing those inmates to exit their cells and Unit and to enter the plaintiff's cell and Unit. The three inmates told the plaintiff that they "were going to kill [him] and [it] would do no good to yell cause the officer was taken care of." (Docket No. 1 at p. 6). The three inmates then stabbed the plaintiff with a knife, beat him, and stomped him in an attack that lasted 30 minutes.

After the attack ended because the plaintiff "played dead," the plaintiff left his cell and could not locate an officer in his unit. The plaintiff walked to the cafeteria and found an officer, who escorted the plaintiff to the clinic. The clinic staff then called an ambulance, and the plaintiff was transported to an outside clinic and later returned to the prison.

The complaint alleges that the plaintiff sustained numerous serious injuries to his left

shoulder, back, legs, hips, left eye, nose, head, right hand, and left wrist, as well as some internal injuries during the attack. The plaintiff believes that he has not received proper medical care for his injuries. According to the plaintiff: "The blows [he] took in [his] head from this makes it very hard to read or concentrate, and [he] can't see clear out of [his] left eye and reading very long at all causes [him] migraine headaches." (*Id.* at p. 7).

## IV. Analysis

### A. Claims Subject to Dismissal

#### 1. Claims against the Commissioner of the Tennessee Department of Correction, Captain f/n/u Mumford, Warden of the West Tennessee State Prison, Warden of Security at the West Tennessee State Prison, and the Captain of the Shift on November 6, 2015

The plaintiff names the Commissioner of the Tennessee Department of Correction, Captain f/n/u Mumford, Warden of the West Tennessee State Prison, Warden of Security at the West Tennessee State Prison, and the Captain of the Shift on November 6, 2015 as defendants to this action. However, the plaintiff has not alleged any personal involvement by any of these defendants in the events of November 6, 2015 or thereafter. None of these defendants are even mentioned in the narrative section of the complaint. (Docket No. 1 at pp. 6-7).

Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability."). Other than naming them as defendants, the plaintiff does not allege any facts that would establish that these defendants were personally involved in, or even aware of, any of the issues about which the plaintiff complains. Accordingly, the complaint

4

fails to state claims for which relief can be granted against defendants Commissioner of the Tennessee Department of Correction, Captain f/n/u Mumford, Warden of the West Tennessee State Prison, Warden of Security at the West Tennessee State Prison, and the Captain of the Shift on November 6, 2015. All claims against these defendants must be dismissed.

### B. Actionable Claims

#### 1. Failure to protect claims against John or Jane Does # 1 and # 9

The complaint alleges that, while incarcerated at the West Tennessee State Prison, the plaintiff was attacked by three inmates from another unit on November 6, 2015. According to the complaint, defendant John or Jane Doe #1 (Officer of Unit 10B) was not at his or her assigned post at the time of the incident which prevented him or her from stopping or responding to the attack. As a result of this defendant's failure to prevent or respond to the attack, the plaintiff sustained serious injuries. The complaint also alleges that defendant John or Jane Doe # 9 (Officer of Unit 10A) as well as defendant John or Jane Doe #1 knew of, and even facilitated, the inmates' plan to attack the plaintiff by opening or leaving open cell and Unit doors.

The court finds that these allegations state actionable claims under the Eighth Amendment to the United States Constitution against defendants John or Jane Does #1 and #9 in their individual capacities. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998)(prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners). From the plaintiff's allegations, it can be inferred that these defendants failed to properly protect the plaintiff as they were required to do and may have been involved in the inmates' plan to harm the plaintiff. However, the court cautions that these are preliminary findings only, as the plaintiff's allegations require further development and clarification.

5

## 2. Denial or Delay of Medical Treatment Claims against the outside clinic, John Does # 4, # 5 , # 6, and # 7, and Jane Doe # 2

The complaint also alleges that, once the plaintiff was taken by ambulance to another facility for treatment ("the outside clinic"), he received inadequate or no care at all care for his injuries. It is not entirely clear from the complaint, but the plaintiff appears to allege that defendant John Doe #4 (the West Tennessee State Prison officer "who transported [the plaintiff] to outside clinic with ambulance")(Docket No. 1 at p. 5) returned the plaintiff to the prison before he could receive proper or complete medical care at the clinic. An alternative reading of the *pro se* complaint is that the doctors and/or nurses at the outside clinic did not treat the plaintiff's injuries appropriately or at all, but the plaintiff has not named any staff members of the outside clinic as defendants to this action.

In addition, the complaint alleges that once the plaintiff was returned to the prison, he received inadequate care for his injuries. The defendants named in the complaint with regard to this allegation are John or Jane Doe #5, the health administrator of the prison clinic; John or Jane Doe #6, the doctor who treated the plaintiff at the prison clinic; John or Jane Doe #7, the nurse practitioner who treated the plaintiff at the prison clinic; and Jane Doe #2, the head registered nurse who treated the plaintiff at the prison clinic. The complaint alleges that the plaintiff continues to suffer from his injuries for which he received no treatment or inadequate treatment.

The court finds that these allegations are sufficient to state Eighth Amendment claims based on the denial of medical treatment or denial of appropriate medical treatment to the plaintiff against defendants John Does # 4, 5, 6, and 7, Jane Doe # 2, and the outside clinic to which the plaintiff was transported on November 6, 2015. Again, the court cautions that these are preliminary findings only for purposes of the required PLRA screening; the plaintiff's claims discussed above may be subject to dismissal at a later date.

As to the John or Jane Doe defendants and the unidentified clinic to which the plaintiff was transported by ambulance on November 6, 2015, although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the complaint against the unidentified defendants at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

## V.     Conclusion

As set forth above, the plaintiff has stated colorable failure to protect claims against defendants John or Jane Doe #1 (the Officer of Unit 10B at the West Tennessee State Prison on November 6, 2015 at 4:35 pm) and against defendant John or Jane Doe # 9 (Officer of Unit 10A at the West Tennessee State Prison on November 6, 2015 at or prior to 4:35 pm ) in their individual capacities under 42 U.S.C. § 1983.

In addition, the plaintiff has stated colorable claims under 42 U.S.C. § 1983 based on the denial of, or a delay in providing, appropriate medical treatment to the plaintiff against defendants "outside clinic" (the unidentified non-prison clinic where the plaintiff was treated on November 6, 2015 after sustaining his injuries); John or Jane Doe #5, the health administrator of the prison clinic; John or Jane Doe #6, the doctor who treated the plaintiff at the prison clinic; John or Jane Doe #7, the nurse practitioner who treated the plaintiff at the prison clinic; and Jane Doe #2, the head registered nurse who treated the plaintiff at the prison clinic in their individual capacities. 28 U.S.C. § 1915A. These claims will be allowed to proceed for further development.

However, the plaintiff's claims against the Commissioner of the Tennessee Department of

7

Correction, Captain f/n/u Mumford, Warden of the West Tennessee State Prison, Warden of Security at the West Tennessee State Prison, and the Captain of the Shift on November 6, 2015 fail to state § 1983 claims upon which relief can be granted, and those claims must be dismissed under the PLRA.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
Chief United States District Judge