**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BOBBY WADDLE,

    Plaintiff,

v.

COMMISSIONER, TENNESSEE
DEPARTMENT OF CORRECTION, *et al.*,

    Defendants.
_____/

Case No. 15-01309
Honorable Denise Page Hood

## ORDER ACCEPTING IN PART
## REPORT AND RECOMMENDATION
## AND DISMISSING ACTION

*Pro se* Plaintiff Bobby Waddle filed this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against Defendants Commissioner, Tennessee Department of Correction, and others. Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights. On December 9, 2015, former Chief Judge Kevin Sharp referred this case to the Magistrate Judge. (Doc. 7) On April 13, 2017, Plaintiff filed a motion to amend his complaint through appointed counsel. (Doc 176) This case was transferred to this Court on April 17, 2017, following the resignation of Chief Judge Sharp. On April 18, 2017, Defendants filed a motion to dismiss (Docs. 180-81) and a response in opposition to Plaintiff's motion to amend.

1

(Doc 182) On April 26, 2017, Defendants filed: (1) a motion for summary judgment; (2) a statement of undisputed material facts; and (3) a memorandum of law in support of their motion. (Docs. 189-91) On May 12, 2017, Plaintiff responded to Defendants' motion to dismiss (Doc. 198), and Defendants replied on the same day. (Doc. 200) Plaintiff did not file a reply regarding his motion to amend complaint.

This matter comes before the Court on Magistrate Judge Joe B. Brown's Report and Recommendation. [#223] The Magistrate Judge recommends that the Court: 1) dismiss the case for want of subject matter jurisdiction; 2) deny Plaintiff's motion to amend his complaint as futile; 3) terminate as moot all pending motions; 4) accept and adopt Report and Recommendation as a Final Judgment; 5) find that any appeal would not be certified as taken in good faith under 28 U.S.C. § 1915(a)(3); 6) order a copy of Plaintiff's motion to amend his complaint (Doc. 176) be filed in *Waddle v. TDOC*, *et aI*., 3:17-00372 (M.D. Tenn. 2017) (Trauger J.) (hereinafter "Case 00372"); 7) order a copy of this Report and Recommendation be filed in Case 00372; 8) order the portion of this order in Case 00372 consolidating Case 00372 with the instant action (Case 00372, Doc. 15) be vacated; and 9) order that Case 00372 be remanded to the assigned District Judge for further proceedings. The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons, except as discussed below with respect to the Magistrate Judge's conclusion that the Court lacks subject

matter jurisdiction and his recommendation that the Court deny a certificate of appealability pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff filed two objections with respect to the Report and Recommendation, each of which the Court now addresses. Plaintiff first argues that the Magistrate Judge erred in concluding that this case lacks subject matter jurisdiction. The Court agrees. The Tennessee legislature does not have the power to determine a federal court's subject matter jurisdiction, and Plaintiff's cause of action is rooted in 42 U.S.C. § 1983. The Court has subject matter jurisdiction in Section 1983 cases. The fact that Plaintiff's first objection has merit does not, however, mean that Plaintiff's cause of action is viable.

Although Defendants erroneously relied upon a Tennessee statute to support their argument that the Court does not have subject matter jurisdiction, that statute can operate as a bar to certain claims based upon its waiver provisions. That statute provides, in part:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission which the claimant has against any state officer… The waiver is void if the commission determines that the act or omission was not within the scope of the officer's … employment.

*See* Tenn. Code Ann. § 9-8-307(b). As is evident in the plain language of § 9-8-307, once a plaintiff files a claim with the Claims Commission, the statute operates as a waiver for any state or federal cause of action under the same act or omission,

3

unless the Claims Commission determines the officer's act or omission was not within the scope of the officer's employment. *Laude v. Knowles*, 549 F. App'x. 311, 313 (6th Cir. 2013).

In this case, the Claims Commission dismissed Plaintiff's claims without making a determination whether the acts or omissions alleged were within or outside the scope of the officers' employment. Because the Claims Commission did not determine that the relevant act(s) or omission(s) were outside the scope of the officers' employment, the "waiver of any cause of action, based on the same act or omission which [Plaintiff] has against any state officer" was not void. And, as discussed below, even though the Claims Commission did not address the issue, the Court finds that the acts and omissions underlying both Plaintiff's claim before the Claims Commission and his present cause of action were within the scope of the officers' employment. For these reasons, the Court concludes that Plaintiff's cause of action must be dismissed.

Plaintiff second objection is that the Magistrate Judge erred in concluding that Plaintiff's motion to amend must be denied as futile. Plaintiff claims that waiver under Tenn. Code Ann. § 9-8-307(b) was not triggered because the cause of action before this Court does not arise from the same act or omission as the matter the Claims Commission dismissed. The Court disagrees with Plaintiff. Although Plaintiff's amendment does seek to add causes of actions and defendants, the Court

4

finds that the proposed new causes of action do not arise from different acts or omissions. The Court notes that Plaintiff acknowledges that the original "attack and beating that caused [P]laintiff's injuries created the duty" for the named Defendants – it was during this same attack and beating that the property claim before the Claims Commission arose. Accordingly, the Court holds that the amended causes of action and defendants relate back to the same acts and omissions evaluated by the Claims Commission, even though the claims were different. Plaintiff's second objection is denied.

For the reasons stated above, the Court adopts all of the Report and Recommendation, except insofar as the Report and Recommendation recommends that Plaintiff's present cause of action be dismissed for lack of subject matter jurisdiction and that no appeal can be taken in good faith under 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS SO ORDERED** that the Report and Recommendation [Docket No. 223, filed December 15, 2017] is **ADOPTED** as this Court's findings of fact and conclusions of law for all purposes except the basis for dismissing of Plaintiff's cause of action and the recommendation that no appeal can be taken in good faith under 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Plaintiff's objections [Docket No. 224, filed December 31, 2017] are **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (Doc. 176) be **DENIED AS FUTILE.**

**IT IS FURTHER ORDERED** that all other pending motions in this action be **TERMINATED AS MOOT.**

**IT IS FURTHER ORDERED** that this constitutes a **FINAL JUDGMENT** in this case (Case No. 15-01309).

**IT IS FURTHER ORDERED** that an appeal of the instant action may be taken in good faith under 28 U.S.C. § 1915(a) with respect to whether: (1) the acts and omissions underlying both Plaintiff's claim before the Claims Commission and his present cause of action were within the scope of the officers' employment; and (2) the claims in this case arose from the same act or omission as the matter the Claims Commission dismissed.

**IT IS FURTHER ORDERED** that a copy of Plaintiff's motion to amend his complaint (Doc. 176) **BE FILED** in Case 00372.

**IT IS FURTHER ORDERED** that a copy of the Report and Recommendation (Doc. 223) **BE FILED** in Case 00372.

**IT IS FURTHER ORDERED** that the portion of the order in Case 00372 consolidating Case 00372 with the instant action (Case 00372, Doc. 15) **BE VACATED.**

**IT IS FURTHER ORDERED** that Case 00372 **BE REMANDED** to the assigned District Judge for further proceedings.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: April 30, 2018        UNITED STATES DISTRICT JUDGE